PEOPLE ex rel. MYERS v. MASONIC GUILD, ETC. 395.

Second Department, December Term, 1890.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. EMMET MYERS v. THE MASONIC GUILD AND MUTUAL BENEFIT ASSOCIATION, Appellant.

*Mandamus — to compel a mutual benefit association to make an assessment.*

After a judgment has been recovered, upon a certificate of insurance, against a. mutual benefit association which has refused to make an assessment for the purpose of paying an amount payable under the terms of the same, and an execution issued thereon has been returned unsatisfied, the association will be compelled by a *mandamus* to make an assessment for the purpose of obtaining the fund with which to pay the certificate.

Appeal by the Masonic Guild and Mutual Benefit Association from an order of the Supreme Court, entered in the office of the clerk of the county of Orange on the 16th day of June, 1890, directing that a peremptory *mandamus* issue directed to and commanding the said Masonic Guild and Mutual Benefit Association to make and call an assessment upon all the members of its company or association, in the usual way of making such calls or assessments, and to continue calling or making the same, to an amount sufficient to equal the judgment recovered in said court on the 19th day of February, 1889, in favor of Emmet Myers and against the Masonic Guild and Mutual Benefit Association, for the sum of $2,247.40 damages and costs.

*Adolphus D. Pope*, for the appellant.

*John W. Lyons*, for the respondent.

Barnard, P. J.:

The defendant issued to Isaac Myers a certificate entitling the plaintiff to $3,000 on the death of Isaac Myers. Isaac Myers died and the plaintiff brought his action to recover the amount. By the judgment of this court the plaintiff recovered a judgment for the sum of $1,600, with interest from the 10th of August, 1884, that being the amount unpaid on the certificate. By the agreement between Isaac Myers and the company defendant, an assessment was to be made on all the members so as to pay the full sum of $3,000 within thirty days after notice of death. This has not been done. An

execution fails to obtain property to satisfy the judgment. The case is one without remedy if the company cannot be compelled by *mandamus* to perform an act which, by the contract, was to produce the fund. The duty is clear. It is the contract. The society is a mutual one, and an assessment is the method by which the benefits of the association are attainable. There is no remedy by action; that has been tried and, except so far as it overruled the question now waged as a defense, was fruitless. It is not collecting a debt by *mandamus*. The effect of the writ is only to make a board of masters do a certain duty which they owe to the plaintiff. The plaintiff has a clear legal right and no other remedy. *Mandamus* is not the proper remedy until after judgment. (*Doty* v. *N. Y. State Mutual Benefit Association*, 29 N. Y. St. Rep., 896.)

The judgment should, therefore, be affirmed, with fifty dollars costs.

DYKMAN, J., concurred; PRATT, J., not sitting.

Order granting *mandamus* affirmed, with fifty dollars costs.