PEOPLE *ex rel.* MEYERS *v.* MASONIC GUILD & MUT. BEN. ASS'N.

(*Supreme Court, Special Term, Orange County.* January, 1892.)

NONPAYMENT OF COSTS—PUNISHMENT AS FOR CONTEMPT.

Code Civil Proc. § 2007, providing that for the nonpayment, on demand, of the costs awarded by a final order made in a special proceeding instituted by a state writ, the person required to pay such costs may be punished for a contempt of the court awarding the costs, is directory merely, and the court will inflict such punishment only when, in its judgment, it is proper so to do.

Application by Emmet Meyers for a *mandamus* requiring the Masonic Guild & Mutual Benefit Association to make an assessment on its members to pay a judgment against it in favor of relator. The trial court granted the *mandamus*, and the general term affirmed such action. The court of appeals, however, reversed the judgments of the general and trial terms, and the application was denied, with costs in all courts. On demand, relator refused to pay the costs, and defendant moved to punish relator as for a contempt. Motion denied.

For opinions on the merits, see 12 N. Y. Supp. 171, and 27 N. E. Rep. 1037.

*John W. Lyon,* for relator. *Adolphus D. Pape* and *Samuel Campbell,* for defendant.

BARTLETT, J. Section 2007 of the Code of Civil Procedure provides that for the nonpayment, upon demand, of the costs awarded by a final order made in a special proceeding instituted by a state writ, (except where a peremptory writ of *mandamus* is awarded after the issuance of an alternative *mandamus,*)

the person required to pay the same may be punished for a contempt of the court awarding the costs, as if the final order was a final judgment of the court. In the present case the relator, without suing out any alternative writ, obtained a peremptory writ of *mandamus* against the defendant in the first instance, directing it to levy an assessment on its members to pay a money judgment. The order granting the peremptory writ was affirmed by the general term, (12 N. Y. Supp. 171,) but was reversed by the court of appeals, with costs, (27 N. E. Rep. 1037.) These costs amount to $217.80, and have been duly demanded of the relator, who has failed to pay them. Thereupon the defendant moves to punish him for contempt under the foregoing provisions of section 2007 of the Code. I do not find that this section has ever been judicially construed. No such provision as it contains appears to have existed in the law prior to the enactment of the second part of the present Code of Civil Procedure. The learned counsel for the defendant claims that it entitles his clients to enforce the collection of their costs by contempt proceedings against the relator as a matter of right; and, furthermore, that the costs awarded to the relator as plaintiff against the defendant, in the suit in which he recovered judgment, cannot be offset against the costs in this proceeding, inasmuch as the costs in this proceeding belong to the attorney, under the decision of the general term of the first department in the case of *Tunstall* v. *Winton*, 31 Hun, 219. In the view which I take of section 2007, it will not be necessary to discuss the question of offset. While the section cannot be strictly called a penal statute, it nevertheless is to be construed according to the same rules which apply to that class of enactments. A penal statute, where there is a doubt, will not be so construed by the judiciary as to result in the infliction of a punishment which the legislature may not have intended. *Wilson* v. *Wentworth*, 5 Fost. (N. H.) 247. "Statutes of this class," says Mr. Sedgwick, in his well-known treatise on Statutory Construction, "are to be fairly construed and faithfully applied, according to the intent of the legislature, without unwarrantable severity on the one hand, or equally unjustifiable lenity on the other; in cases of doubt the courts inclining to mercy. Sedg. St. Const. (2d Ed.) 287. Looking at section 2007 of the Code of Civil Procedure in this light, it is to be observed, in the first place, that the tendency of recent legislation in this state has been strongly adverse to imprisonment for debt. Furthermore, it is to be considered that the language of the section itself is not that the person required to pay the costs in a proceeding instituted by state writ must be punished for contempt in failing to pay them, or that the party in whose favor the costs are awarded is entitled to maintain contempt proceedings as a matter of right, but simply that the person required to pay the costs may be punished for contempt. In a statute of this kind I do not think that permissive expressions should be construed as mandatory. It seems to me that the intent of the legislature was to allow the court to enforce payment of the costs in such a case as this by means of contempt proceedings, if, under all the circumstances, it seemed proper to do so; as, for example, if it were apparent here that the relator had the means and was able to pay the costs, and nevertheless obstinately refused to pay. But I do not think the provision is designed to compel the court to imprison a poor man simply because he has been and is unable to pay the costs against him in the particular forms of litigation which must be instituted by state writs. In my opinion, the section confers upon the court a discretionary power which the successful party in such a litigation may properly invoke, but which the court is at liberty to exercise or not according to the facts of the case, and particularly with reference to the ability of the defeated party to pay the costs awarded against him. Upon the evidence contained in the papers before me as to the relator's occupation and financial condition, I do not think he should be punished for contempt in failing to pay the costs in this matter. The motion of the defendant must therefore be denied.